```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

DAVID LEE HARMON,

    Plaintiff,

v.                                      Case No.:2:20-cv-328-FtM-29NPM

BILL PRUMMELL, CHARLOTTE
COUNTY SHERIFF'S OFFICE,
CHARLOTTE COUNTY JAIL and
FNU KIMBERLIN,

    Defendants.
_____/

## OPINION AND ORDER

This matter is before the Court on sua sponte review of the record.  David Lee Harmon a pretrial detainee in the Charlotte County Jail sues the Defendants for the right to personal safety, double standard, criminal coercion, malfeasance, actual malice, malicious act, negligent infliction of emotional distress, criminal negligence, gross negligence, hazardous negligence, malversation, slander, and defamation.  (Doc. 1 at 3).

    Plaintiff accuses Deputy Kimberlin of telling other inmates in his cell block that Plaintiff was a confidential informant (CI).  (Doc. 1 at 4).  Plaintiff filed a grievance against Dep. Kimberlin, which was denied.  Plaintiff appealed and the appeal was denied.  (Doc. 1 at 6).  Plaintiff states he was not harmed, and deputies put him in protective custody.  (Doc. 1 at 5).  Plaintiff seeks $5,000,000.00, Charlotte County Jail investigated, charges against

Dep. Kimberly, and for Sheriff Prummell to be held responsible. (Doc. 1 at 5).

A court must review a complaint and dismiss it at any time if the case is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). The first standard includes claims based on "an indisputedly meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In making a § 1915(e) review, courts liberally construe *pro se* complaints and hold them to a less stringent standard than pleadings that attorneys draft. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

The Court finds reasons to dismiss the Complaint as frivolous and not stating plausible claims on which relief can be granted. Plaintiff sues the Charlotte County Sheriff's Office (CCSO), however, sheriff's departments are not legal entities amenable to suit. See, e.g., Williams, 2008 WL 4726101, at *3 (citing Masson v. Miami-Dade County, 738 So. 2d 431, 432 (Fla. 3d DCA 1999)); Florida City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995). Thus, the CCSO is dismissed with prejudice. While Plaintiff makes no factual allegation in his Complaint against Sheriff Prummell, he does sue him in his in his role as head of the CCSO. A defendant who occupies a supervisory position is not

liable under a theory of respondeat superior in a § 1983 action. Monell v Dep't. of Soc. Serv., 436 U.S. 658, 690-92 (1978). Thus, Sheriff Prummell is dismissed.

Plaintiff's allegation against Deputy Kimberlin fails to state claim under § 1983. To state a claim under § 1983, a plaintiff must assert that a defendant's conduct "trammel[ed] a right secured by federal law." Maynard v. Williams, 72 F.3d 848, 852 (11th Cir. 1996). Plaintiff's claim against Deputy Kimberlin is that he told a lie that put him in danger with the other inmates. "Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga, 400 F.3d 1313, 1319 (11th Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)). However, beyond Plaintiff's conclusory allegation that Deputy Kimberlin told a lie there are no facts to support a cause of action. Plaintiff does not allege what constitutional right was violated by Deputy Kimberlin or what threats other inmates made against him. Plaintiff was not injured, and he is in protective custody. Thus, Plaintiff is safe.

Plaintiff also seeks charges against Deputy Kimberlin. If Plaintiff wants to bring criminal charges against Dep. Kimberlin, this is not a cognizable claim under Section 1983. "It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the

federal courts to compel the criminal prosecution of another person." Wolfe v. Bell, No. 2:18-CV-730-FTM-38UAM, 2019 WL 2053844, at *2 (M.D. Fla. May 9, 2019) (quoting Ellen v. Stamm, 951 F.2d 359 (9th Cir. 1991)).

After reviewing the Complaint, the Court finds Plaintiff's Complaint fails to state a cognizable claim under § 1983.  As Plaintiff is proceeding *pro se*, the Court will grant leave to amend.  Plaintiff is reminded that Federal Rules of Civil Procedure 8 and 10 set the minimum requirements for pleadings. Real v. City of Fort Myers, No. 2:18-CV-74-FTM-99MRM, 2018 WL 3008949, at *1 (M.D. Fla. June 15, 2018).  Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This rule is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation omitted). Rule 10 also has pleading requirements:  a party must "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10.  Rules 8 and 10 work together to "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading[.]" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996).

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice.**

2. Plaintiff David Lee Harmon may file an amended complaint on or before **June 6, 2020.** If Plaintiff does not file a timely amended complaint or explain why he cannot do so, the Court will dismiss this case without further notice.

3. The Clerk is directed to provide Plaintiff with a blank civil rights form marked "amended complaint" with the assigned case number.

**DONE** and **ORDERED** in Fort Myers, Florida this __26th__ day of May 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: FTMP-2
Copies: All Parties of Record

5